No. 673

GUCCIARDO v. GUCCIARDO

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 7975. Decided July 5, 1927.

Farr and Pollock, JJ., of the 7th District, sitting by designation with Vickery, J., of the 8th District.

413. DIVORCE AND ALIMONY—1. Sec. 11990 GC. does not confer upon trial court power to require wife to purchase husband's property, or to require her to convey her real estate to husband.

2. Court exceeds power given it by General Code when it undertakes to dispose of property rights which husband and wife own in common in real estate.

Error to Common Pleas.
Judgment modified.

First Publication of this Opinion

POLLOCK, J.

The trial court granted a divorce to the plaintiff Rose Gucciardo on the grounds of exteme cruelty. She was allowed $200 in alimony and given the custody of minor children, with an allowance of $2.50 a week for each child. The judgment of the court below, as embodied in the journal, further set out that both parties were the owners of certain described premises. The decree then recited that the plaintiff is awarded the aforementioned premises upon her paying to the defendant the sum of $2,200 in full of his share, plaintiff to assume and pay the mortgage encumbrances existing against said premises and all other indebtedness against the same. The plaintiff is ordered to pay the sum of $2,000 to the defendant within 30 days of the signing of the within decree and the defendant is to quit claim to the plaintiff all his right, title and interest in the premises including dower, and in the event that within 30 days the plaintiff shall not comply with the above order and pay the said $2,000 to the defendant, then in that event the defendant is to pay the plaintiff the sum of $2,400, the said $2,400 to include $200 alimony and said defendant shall assume the existing mortgages and other indebtedness against said premises, and the plaintiff thereupon is to quit claim to the defendant all her right, title and interest in the said premises, including dower.

No bill of exceptions was filed with the record in this case. The only matter that we can look to in the determination of the action in error, is the judgment itself. This court cannot interfere with this judgment unless it exceeds the power granted to the trial court in such actions by the Code of this State.

Section 11990 GC. does not confer upon the trial court the power to require wife to purchase the husband's property at a certain price, or in her failing to do so, within a reasonable time require her to convey her real estate to the husband for a certain price. The court exceeded the power given it by the Code, when it undertook to dispose of the property rights which the husband and wife owned in common in the real estate.

The judgment of the court below is modified by striking out of the decree the attempt to so dispose of the real estate of the parties, and a decree can be drawn accordingly.

(Farr and Vickery, JJ., concur).

Attorneys—Ben P. Rabb for plaintiff in error; Harry F. Glick for defendant in error; both of Cleveland.